THE BENSAMOCHAN LAW FIRM INC.
Eric Bensamochan, Esq. SBN 255482
Deborah C. Silver, Esq. SBN 128495
9025 Wilshire Blvd Suite 215
Beverly Hills, CA. 90211
Telephone: (818) 961-0138; Facsimile: (818) 230-1931
Email: eric@eblawfirm.us
Email: deborah@eblawfirm.us

SCHREIBER & SCHREIBER, INC.
Eric A. Schreiber, Esq. SBN 194851
Ean M. Schreiber, Esq. SBN 284361
16633 Ventura Blvd Suite 1245
Encino, CA. 91436
Telephone: (818) 789-2577: Facsimile: (818) 789-3391
Email: eric@schreiberlawfirm.com
Email: ean@schreiberlawfirm.com

Attorney for Plaintiffs Lena Evans, Roni Shemtov, and Shbadan Akylbekov

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| LENA EVANS, et al., individually and on behalf of a class of persons similarly | Case No. 5:22-cv-00248-BLF |
| | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** |
| Plaintiff, | |
| vs. | Date: May 26, 2022<br>Time: 9:00 a.m.<br>Dept: Courtroom No. 3<br>Judge: Beth Labson Freeman |
| PAYPAL, INC., a Delaware corporation, et al.; | Action Filed: January 13, 2022 |
| Defendants | Trial Date: Not Yet Set |

**TABLE OF CONTENTS AND AUTHORITIES**

**PAGE**

| | |
|---|---|
| Table of Authorities | (ii) |
| I. INTRODUCTION | 2 |
| II. BACKGROUND FACTS AND NATURE OF CLAIMS | 2 |
| III. LEGAL ARGUMENT | 3 |
| A. PayPal has Not Evidenced that Plaintiffs Entered into An Arbitration Agreement. | 3 |
| B. This Court May Decide Arbitrability. | 3 |
| C. Plaintiff may assert state law contract defenses to the arbitration clause. | 4 |
| D. The Delaware Choice of Law Provision is Unenforceable. | 5 |
| E. The Arbitration Clause is Unenforceable based on Unconscionability. | 7 |
| 1. Procedural Unconscionability | 7 |
| 2. PayPal's Seizure of Funds Shocks the Conscience. | 7 |
| 3. The Arbitration Fees Can Also Greatly Exceed the Cost of Litigation. | 8 |
| 4. The Entire Terms of Service ("TOS") Agreement With all Members of the Public is Illusory, Rendering the Entire Agreement (Including the Arbitration Clause) Void. | 9 |
| 5. The Liquidated Damages Provision is Void as an Unlawful Penalty, Further Evidencing the Unconscionable and Illusory Nature of PayPal's UA. | 10 |
| IV. CONCLUSION | 10 |

**TABLE OF AUTHORITIES** **PAGE**

**Cases**

*Atl. Aviation Corp. v. Provident Life & Acci. Ins. Co.,* 10
1989 U.S. Dist. LEXIS 10261, *17 (D. Delaware, 1989)

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113, 4-5, 7
99 Cal. Rptr. 2d 745, 6 P.3d 669, 697, 775 (Cal. 2000)

*Blake v. Ecker*, 93 Cal. App. 4th 728, 741-743, 113 Cal. Rptr. 2d 422 (2001) 7

*Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir., 2020) 4

*Bleecher v. Conte*, 29 Cal.3d 345, 350 (1981) 9

*Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 506-507, 5
30 Cal. Rptr. 3d 787, 115 P.3d 68 (2005)

*Brazil v. Dell, Inc.*, 2007 U.S. Dist. LEXIS 59095, *10 (N.D. Cal., 2007) 5

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 3
1000 (9th Cir. 2010)

*Change Capital Partners Fund I, LLC v. Volt Elec. Sys., LLC*, 6
2018 Del. Super. LEXIS 157, at *4 (2018)

*Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 927 (9th Cir., 2013) 4

*Flores v. Transamerica HomeFirst, Inc.,* 93 Cal. App. 4th 846, 853, 7
113 Cal. Rptr. 2d 376 (2001)

*ames v. Marinship Corp.*, 25 Cal.2d 721, 731, 155 P.2d 329, 335 (1944) 10

*Merkin v. Vonage Am., Inc.*, 639 Fed. Appx. 481, 2016 U.S. App. LEXIS 8188 3
(9th Cir., 2016)

*Pinsker v. Pacific Coast Society of Orthodontists,* 12 Cal.3d 541 (1974) 9

*Ridgley v. Topa Thrift & Loan Assn.*, 17 Cal.4th 970, 977 (1998) 10

*Rosenthal v. Great W. Fin. Securities Corp.*, 14 Cal.4th 394, 413, 926 P.2d 1061, 3
58 Cal. Rptr. 2d 875 (1996)

| | | |
|---|---|---|
| 1 | *Steiner v. Thexton*, 48 Cal. App.4th 411, 418, 422 (2010) | 9 |
| 2 | (ii) | |
| 3 | *Steven v. Fidelity & Casualty Co.*, 58 Cal.2d 862, 882, | 7 |
| 4 | 27 Cal.Rptr. 172, 377 P.2d 284, 297 (1962) | |
| 5 | *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 917, | 6 |
| 6 | 15 P.3d 1071, 103 Cal. Rptr. 2d 320 (2001). | |
| 7 | *Zaborowski v. MHN Gov't Servs., Inc.*, 601 F. App'x 461, 464-465 (9th Cir. 2014) | 5 |

**Statutes**

| | | |
|---|---|---|
| 9 | California Civil Code Section 1668 | 5 |
| 10 | Del. Ch. Ct. R. 6, § 2-302 | 7 |

**Other Authorities**

| | | |
|---|---|---|
| 12 | Restatement §§ 187(2)(a)-(b) | 6 |

**TO THE HONORABLE BETH LABSON FREEMAN, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs, Lena Evans, Roni Shemtov, and Shbadan Akylbekov, individually and on behalf of all others similarly situated ("Plaintiffs" herein), hereby oppose Defendant PayPal, Inc.'s (hereinafter "PayPal" or "Defendant") Motion to Compel Arbitration as follows:

## I. INTRODUCTION

PayPal filed a motion to compel this putative class action case to arbitration based on a "click wrap" agreement between PayPal and its customers. Companies with unequal bargaining power, like PayPal, offer users take it or leave it agreements, in spaces where there are no meaningful alternatives.

## II. BACKGROUND FACTS AND NATURE OF CLAIMS

In addition to their own declarations Plaintiffs attached hereto declarations of putative class members. These declarations are but a small sample of the thousands of consumers that have already spoken with and/or approached Plaintiffs' counsel, all of whom tell a similar tale. Consumers receive an email from PayPal informing them that they have violated PayPal's User Agreement ("UA") and/or PayPal's Acceptable Use Policy ("AUP"), and that their accounts, and all monies therein are frozen while the account is under investigation.

1. PayPal refuses to tell customers what the violation is, often telling consumers they have to "get a subpoena" to even know the nature of why their account has been frozen.

2. While an account is under investigation, consumers are not given the right to dispute any claims or provide documents or evidence to counter the claim.

3. Under its UA, PayPal has the right to suspend an account for up to six (6) months. At the end of the six (6) month freeze, PayPal sends the consumer an email informing them that they have violated the UA and/or AUP and that **all of the money** in the user's PayPal account has been taken by PayPal for itself as "liquidated damages."

4. The UA contains a liquidated damages provision which permits PayPal to pay

1

itself $2,500 **per violation** from the user's funds held (and frozen) in his or her PayPal account.

5.      The amounts taken range from a few hundred dollars to several hundred thousand dollars but always seem to equate the account's total balance.

6.      The results of PayPal investigations are never disclosed showing whether there was a proven violation.

7.      After draining the user's account in full, PayPal then closes/terminates the user's account.  To add insult to injury, PayPal then often sends the user a tax form indicating that the user owes income tax on all the funds PayPal has seized.

### III.    LEGAL ARGUMENT

PayPal's Motion to Compel Arbitration (the "Motion" herein) should be denied because the underlying arbitration agreement is unenforceable.

A. **PayPal has Not Evidenced that Plaintiffs Entered into An Arbitration Agreement**.

PayPal claims the arbitration agreement came into being by virtue of Plaintiffs having clicked a box affirming that they read and agree to the UA. PayPal has not produced a record evidencing that the parties entered into an agreement and the agreement's terms.

"Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence." *Rosenthal v. Great W. Fin. Securities Corp*., 14 Cal.4th 394, 413, 926 P.2d 1061, 58 Cal. Rptr. 2d 875 (1996). PayPal failed to produce a record for each of the Plaintiffs showing that they personally executed the agreement.

B. **This Court May Decide Arbitrability**.

The Court determines the enforceability of the arbitration clause and the class action waiver provision. "[W]hen a plaintiff argues that an arbitration clause, standing alone, is unenforceable . . . that is a question to be decided by the court." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp*., 622 F.3d 996, 1000 (9th Cir. 2010). Plaintiffs' challenge was clearly

directed at the arbitration provision." *Merkin v. Vonage Am., Inc.*, 639 Fed. Appx. 481, 2016 U.S. App. LEXIS 8188 (9th Cir., 2016).

If the UA contains a so-called delegation clause, it must be shown by clear and unmistakable evidence that the parties agreed to have an arbitrator decide arbitrability. *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir., 2020).

There is no evidence, let alone clear and unmistakable evidence, that the parties agreed to have an arbitrator decide arbitrability. The top of page 5 of PayPal's user agreement states what may possibly constitute a delegation clause:

> "All determinations as to the scope, interpretation, enforceability, and validity of this Agreement shall be made final exclusively by the arbitrator, which award shall be binding and final Judgment on the arbitration award may be entered in any court having jurisdiction."

Section 14.3(d) of the arbitration clause states:
> . . . **If a court decides** that any of the provisions in subsection (a) of this Agreement to Arbitrate ("Prohibition of Class and Representative Actions and Non-Individualized Relief") is invalid or unenforceable, then the entirety of this Agreement to Arbitrate shall be null and void. . ." [Emphasis added.]

Because Section 14.3(d) states, "if a court decides," the user agreement acknowledges that the court, and not an arbitrator, has authority to determine whether any provisions of the agreement to arbitrate are invalid and unenforceable. This clause is just as unconscionable as the rest of the UA. This Court determines whether an enforceable contract even exists.

**C. Plaintiff may assert state law contract defenses to the arbitration clause.**

While California's so-called Discover Bank rule is pre-empted by the FAA, state law defenses such as unconscionability can still be raised.

"[W]hile *Concepcion* outlaws discrimination in state policy that is unfavorable to arbitration, it leaves intact state-law defenses that are agnostic towards arbitration." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 927 (9th Cir., 2013). "The application of California's

3

unconscionability doctrine in this case is not unfavorable towards arbitration, but instead reflects a generally applicable policy against abuses of bargaining power." *Id*.

A court may refuse to enforce an arbitration agreement that is "permeated" by unconscionability. *Armendariz v. Found. Health Psychcare Servs., Inc*., 24 Cal. 4th 83, 100, 99 Cal. Rptr. 2d 745, 6 P.3d 669, 696-697, 775 (Cal. 2000) ("given the multiple unlawful provisions, the trial court did not abuse its discretion in concluding that the arbitration agreement is permeated by an unlawful purpose").

As the court determined in *Armedariz*, supra, 6 P.3d at 696-697, the UA contains more than one unlawful provision, indicating a systematic effort to impose arbitration not simply as an alternative to litigation, but as an inferior forum that works to PayPal's advantage.

In the instant case, there are too many unconscionable provisions to make severance a viable option. *Zaborowski v. MHN Gov't Servs., Inc*., 601 F. App'x 461, 464-465 (9th Cir. 2014).

Arbitration provisions are unenforceable on public policy grounds if they impede enforcement of unwaivable statutory rights. *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 506-507, 30 Cal. Rptr. 3d 787, 115 P.3d 68 (2005) (certain minimum standards of fairness required to "vindicate their public rights in an arbitral forum").

Class claimants, and thousands of other PayPal users, whose funds were taken by PayPal without notice and opportunity to be heard, experienced violations of statutory and common law of numerous states, including California and Delaware. The UA deprives PayPal users of rights to address their grievances <u>before</u> PayPal seizes their funds, without notice, and without even an explanation as to the reason.

California Civil Code Section 1668 makes unlawful those contracts that would exempt a party from violations of law. See *Armendariz*, supra, 24 Cal. 4th at 100.

**D. The Delaware Choice of Law Provision is Unenforceable.**

California still considers class action waivers a violation of public policy. The right to participate in a class action is a public right because it protects the rights of consumers as a

whole. The Court in *Brazil v. Dell, Inc.*, 2007 U.S. Dist. LEXIS 59095, *10 (N.D. Cal., 2007), decided not to uphold and enforce a Delaware choice of law clause in arbitration provisions.

Clearly PayPal selected Delaware instead of California as its choice of law is to deprive its users of the favorable consumer protection which exists under California law. There is no reasonable basis for choosing Delaware law. PayPal users reside in California and in many other states, and countries. There is no connection between Delaware and PayPal's scheme to steal user funds by falsely claiming AUP violations.

Delaware does not bear a substantial relationship to the parties or the transactions, and violates the fundamental public policy of California. *Change Capital Partners Fund I, LLC v. Volt Elec. Sys., LLC*, 2018 Del. Super. LEXIS 157, at *4 (2018); Restatement §§ 187(2)(a)-(b); *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 917, 15 P.3d 1071, 103 Cal. Rptr. 2d 320 (2001).

Other than PayPal being a Delaware corporation, Delaware has no relationship with the transactions. PayPal's legal team is based in California. Two Class Claimants reside in California. PayPal users' interests in being protected by California law where an out-of-state company is stealing customer funds is a greater nexus and public policy concern than enforcing a Delaware choice of law provision, where Delaware has no connection with the issues at stake in this case.

Delaware law, if permitting class action waivers, conflicts with California public policy. The class action waiver compels a procedure for resolving claims that eviscerates the right to participate in a class action. That is against public policy in California, as PayPal's illegal actions could continue unchallenged. Class claimants would then lack an effective means and ability to redress their harms.

California public policy is designed to protect a person against the oppressive use of superior bargaining power by a large corporation such as PayPal, which dominates the payment

mechanism platform. Many websites and landlords only allow PayPal as a payment form.

Corporations should not be permitted to use class action waivers to exculpate themselves from liability. Class actions were designed not only to compensate victimized group members, but also to deter violations of the law. Permitting PayPal to prohibit class actions against it through its UA conflicts with California public policy because it undermines the public interest in deterring wrongdoing.

A contract of adhesion is unenforceable if its terms are unconscionable within the meaning of Del. Ch. Ct. R. 6, § 2-302, which permits a court to strike unconscionable clauses.

### E. The Arbitration Clause is Unenforceable based on Unconscionability.

Unconscionability is a defense applicable to contracts generally and thus may be raised in defense to an arbitration provision. *Blake v. Ecker*, 93 Cal. App. 4th 728, 741, 113 Cal. Rptr. 2d 422 (2001). Unconscionability has both procedural and substantive components. *Id.* at 742. The procedural component is satisfied by the existence of unequal bargaining positions and hidden terms common in the context of adhesion contracts. *Id*. The substantive component is satisfied by overly harsh or one-sided results that "shock the conscience." *Id*. A claim of unconscionability cannot be determined merely by examining the face of the contract; there must be an inquiry into the circumstances under which the contract was executed, its purpose, and effect. *Id*. at 743.

#### 1. Procedural Unconscionability

A contract or clause is procedurally unconscionable if it is a contract of adhesion. *Flores v. Transamerica HomeFirst, Inc.,* 93 Cal. App. 4th 846, 853, 113 Cal. Rptr. 2d 376 (2001). A contract of adhesion, in turn, is a "standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz v. Foundation Health Psychcare Serv.*, 24 Cal. 4th 83, 113 (2000). See also *Steven v. Fidelity & Casualty Co.*, 58 Cal.2d 862, 882, 27 Cal.Rptr. 172,

377 P.2d 284, 297 (1962) ("adherer cannot obtain the desired product or service save by acquiescing in the form agreement").

The PayPal click wrap UA has all the hallmarks of an adhesion contract. It is prepared by PayPal and presented to users who can either accept it or cancel their account.

### 2. **PayPal's Seizure of Funds Shocks the Conscience.**

The substantive component is satisfied by overly harsh or one-sided results that "shock the conscience." *Blake v. Ecker*, 93 Cal. App. 4th 728, 741, 113 Cal. Rptr. 2d 422 (2001). The arbitration clause and class action waiver provision, taken together, would mean that PayPal could just take $10.00 out of every single one of millions of users' accounts, raising hundreds of millions of dollars for itself without any repercussions. Such an amount would be too small for each claimant to arbitrate, and the class action waiver would prevent the claims from being resolved en masse. The arbitration provision prevents the use of the doctrine of estoppel forcing every claimant to relitigate the issue every time. (UA, paragraph 14.3(a) Agreement to Arbitrate, "ALSO, THE ARBITRATOR MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT AFFECT OTHER PAYPAL USERS").

When PayPal seizes money from user accounts, it claims an AUP violation. By PayPal seizing the balance of an account it suspects of illegal activity it makes itself the sole beneficiary of that illegal activity, becoming complicit in the crime.

This argument is similar to an *in pari delicto* argument, namely, PayPal participates in transactions violating its own AUP. Under Section 8 of its UA, PayPal collects a fee on every payment sent, which is taken out of the user's account. PayPal takes its fair share of the payments whenever, however and to whomever they are made.

Besides PayPal participating in the alleged AUP violation by profiting from it, PayPal also double dips by taking all the funds in user accounts under its liquidated damages policy. Already having taken a transaction fee, PayPal also takes $2,500 per occurrence in liquidated damages. This is further evidence of unconscionability, PayPal participating in every transaction by taking its fee, even if that transaction violates PayPal's UA and/or AUP.

### 3. The Arbitration Fees Can Also Greatly Exceed the Cost of Litigation.

An arbitration has significantly higher fees such as initiation fees, and arbitrators that can cost well in excess of $1,000 per hour (even split 50/50 means a party can easily pay several thousands of dollars per day for arbitrator time). Under the arbitration clause, any claim in excess of $10,000, requires the user to make a showing that the cost of arbitration is "prohibitive" as compared to litigation costs and PayPal is only required to pay such costs as the arbitrator deems necessary to prevent the arbitration from being cost-prohibitive.

In a major arbitration, a consumer could be responsible for fees several hundred times the cost of a litigation or more. This provision also renders the arbitration clause unfair.

### F. The Entire Terms of Service ("TOS") Agreement With all Members of the Public is Illusory, Rendering the Entire Agreement (Including the Arbitration Clause) Void.

PayPal has the complete and unfettered ability to: 1. Determine whether or not a user violates the UA/AUP; 2. Freeze the user's account while PayPal allegedly conducts an internal investigation; 3. Refuse to tell the user the nature of the claimed violation, or permit the user to have any input in PayPal's clandestine internal investigation or defense/explanation to provide some form of proof to counter the undisclosed violation; 4. Identify the nature of the violation or even tell the user that the user has committed a violation other than a notice that there has been a violation; 5. Take all the money in a user's account.

Here, PayPal has granted itself the absolute authority to act as judge, jury and collection agent, leaving users with no remedy, option or even notice and opportunity to be heard. This is not merely the case in theory, it is the case in practice, as PayPal has drained every cent out of

thousands of users' accounts.  PayPal's complete, unfettered ability to declare a violation, as well as take all of the money out of a user's account renders this contract illusory, and thus, void. *Bleecher v. Conte*, 29 Cal.3d 345, 350 (1981); *Steiner v. Thexton*, 48 Cal. App.4th 411, 418, 422 (2010).

This the very essence of an illusory contract, one side has complete discretion to declare a breach and take all available funds as its own damages.  Therefore, the contract, as an illusory contract in both theory and practice, is void and all clauses and terms therein, including the arbitration clause are rendered null, meaning the motion must be denied.

See *Pinsker v. Pacific Coast Society of Orthodontists,* 12 Cal.3d 541 (1974) and its progeny, requiring procedural fairness -- an established part of California and many other States' common law since before the turn of the century. The court in <u>*James v. Marinship Corp.*, 25 Cal.2d 721, 731, 155 P.2d 329, 335 (1944),</u> invalidated a labor union's policy of excluding blacks from full membership, stating:

> "Where a union has . . . attained a monopoly of the supply of labor . . . such a union occupies a quasi-public position similar to that of a public service business and it has certain corresponding obligations. It may no longer claim the same freedom from legal restraint enjoyed by golf clubs or fraternal associations. Its asserted right to choose its own members does not merely relate to social relations, it affects the fundamental right to work for a living."

Like the labor unions or private clubs, PayPal acts as a quasi-public service affecting the fundamental right to make a living by accepting payments over the internet. Hence, PayPal cannot terminate usage without notice or opportunity to be heard, and in so doing, determine its own damages by taking user monies for itself.  If PayPal determines a violation and awards itself all the money from a user's account, its decision can never be a fair or unbiased one.

**G.  <u>The Liquidated Damages Provision is Void as an Unlawful Penalty, Further Evidencing the Unconscionable and Illusory Nature of PayPal's UA</u>.**

Both Delaware and California law hold that a liquidated damages provision that fails to make a reasonable approximation of actual damages is void, unenforceable and must be stricken.

9

See, e.g., *Ridgley v. Topa Thrift & Loan Assn.*, 17 Cal.4th 970, 977 (1998) and *Atl. Aviation Corp. v. Provident Life & Acci. Ins. Co.,* 1989 U.S. Dist. LEXIS 10261, *17 (D. Delaware, 1989). There is absolutely no way that each and every violation, regardless of the value, egregiousness of the violation, number of investigations and any other circumstances making each claim unique, could result in the same financial harm (**$2,500 per occurrence**) to PayPal.

## IV.   CONCLUSION

PayPal created a situation resulting in gross inequity to consumers and users of its site. In virtually every situation, PayPal determines that the user has violated some term of the UA or AUP, and then, under an unlawful liquidated damages clause, takes all the money in the user's account for itself. This scenario has created an illusory contract, rendering it, and all clauses therein, void. This process also renders the entire agreement (along with numerous other unconscionable provisions) unconscionable, further voiding the arbitration clause. Therefore, PayPal's motion to compel arbitration must be denied.

BENSAMOCHAN LAW FIRM

Dated: April 26, 2022

By: /s/ Eric Bensamochan
Eric Bensamochan, Esq.
Counsel for Plaintiffs

SCHREIBER & SCHREIBER, INC.

By: /s/ Eric Schreiber
Eric Schreiber, Esq.
Counsel for Plaintiffs