SONIA R. MARTIN (SBN 191148)
sonia.martin@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, CA  94612-4709
Telephone:  (415) 882-5000
Facsimile:   (415) 882-0300

JOEL D. SIEGEL (SBN 155581)
joel.siegel@dentons.com
PAUL M. KAKUSKE (SBN 190911)
paul.kakuske@dentons.com
JUDITH SHOPHET SIDKOFF (SBN 267048)
judith.sidkoff@dentons.com
KELLY R. GRAF (SBN 301325)
kelly.graf@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017-5704
Telephone:  (213) 623-9300
Facsimile:   (213) 623 9924

Attorneys for Defendant PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA EVANS, RONI SHEMTOV, and SHBADAN AKYLBEKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., a Delaware corporation; and DOES 1-25, inclusive,<br><br>Defendants. | No. 5:22-cv-00248-BLF<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAYPAL, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:     May 26, 2022<br>Time:    9:30 A.M.<br>Dept:    Courtroom No. 3<br>Judge:   Beth Labson Freeman<br><br>Date Action Filed: January 13, 2022<br>Trial Date:  None Set |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. DISCUSSION .......................................................................................................1

    A. THE PARTIES AGREE THAT THIS COURT MAY DECIDE ARBITRABILITY ..................................................................................1

    B. PLAINTIFFS ENTERED INTO ARBITRATION AGREEMENTS ...1

    C. THE UA'S DELAWARE CHOICE OF LAW PROVISION IS ENFORCEABLE ...................................................................................2

    D. THE AGREEMENT TO ARBITRATE IS NOT UNCONSCIONABLE ............................................................................3

    E. THIS COURT NEED NOT DECIDE PLAINTIFFS' MERITS CHALLENGES ....................................................................................5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

Case 5:22-cv-00248-BLF   Document 33   Filed 05/10/22   Page 3 of 9

**TABLE OF AUTHORITIES**

**Cases**                 **Page(s)**

*ABF Cap. Corp. v. Osley*,
  414 F.3d 1061 (9th Cir. 2005) ................................................................................... 2

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .............................................................................................. 2, 3

*Brazil v. Dell*,
  2007 WL 2255296 (N.D. Cal. Aug. 3, 2007) ............................................................ 3

*Buckeye Check Cashing v. Cardegna*,
  546 U.S. 440 (2006) .................................................................................................. 5

*Capriole v. Uber Techs., Inc.*,
  7 F.4th 854 (9th Cir. 2021) ....................................................................................... 3

*Cheng v. PayPal, Inc.*,
  2022 WL 126305 (N.D. Cal. 2022) ............................................................. 1, 2, 4, 5

*Cordas v. Uber Techs., Inc.*,
  228 F. Supp. 3d 985 (N.D. Cal. 2017) ...................................................................... 1

*DIRECTV, Inc. v. Imburgia*,
  577 U.S. 47, 53-54 (2015) ........................................................................................ 2

*Discover Bank v. Sup. Ct.*,
  134 Cal. App. 4th 886 (2005) ................................................................................... 3

*Doe v. Massage Envy Franchising, LLC*,
  2020 WL 7624620 (Del. Super. Ct. Dec. 21, 2020) ................................................ 4

*In re Facebook Biometric Info. Privacy Litig.*,
  185 F. Supp. 3d 1155 (N.D. Cal. 2016) ................................................................... 4

*Friends for Health v. PayPal, Inc.*,
  2018 WL 2933608 (N.D. Ill. June 12, 2018) ........................................................... 2

*Graham v. State Farm Mut. Auto. Ins. Co.*,
  565 A.2d 908 (Del. 1989) ..................................................................................... 2, 4

*Green Tree Fin. Corp. v. Randolph*,
  531 U.S. 79 (2000) .................................................................................................... 5

*Hodges v. Comcast Cable Commc'ns*,
  21 F.4th 535 (9th Cir. 2021) ..................................................................................... 3

- ii -

REPLY MEMO ISO OF PAYPAL'S
MTN TO COMPEL ARBITRATION
Case No. 5:22-cv-00248-BLF

*Hoekman v. Tamko Bldg. Prods.*,
  2015 WL 9591471 (E.D. Cal. Aug. 24, 2015) ............................................................... 4

*James v. Comcast Corp.*,
  2016 WL 4269898 (N.D. Cal. Aug. 15, 2016) ............................................................... 4

*Maxwell v. Cellco P'ship*,
  2019 WL 5587313 (D. Del Oct. 30, 2019) ................................................................... 4

*McGill v. Citibank, N.A.*,
  2 Cal. 5th 945 (2017) ................................................................................................... 3

*McLemore v. Marin Hous. Auth.*,
  2021 WL 4124210 (N.D. Cal. Sept. 9, 2021) ............................................................... 1

*Murphy v. DirecTV, Inc.*,
  724 F.3d 1218 (9th Cir. 2013) ..................................................................................... 3

*Perez v. Discover Bank*,
  2021 WL 4339139 (N.D. Cal. Sept. 23, 2021) ............................................................. 3

*Perez v. Discover Bank*,
  2022 WL 344973 (N.D. Cal. Feb. 2, 2022) .................................................................. 3

*Pick v. Discover Fin. Servs.*,
  2011 WL 1180278 (D. Del. Sept. 28, 2011) ................................................................ 2

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev., LLC*,
  55 Cal. 4th 233 (2012) ................................................................................................. 2

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
  388 U.S. 395 (1967) ..................................................................................................... 5

*Rappley v. Portfolio Recovery Assocs., LLC*,
  2017 WL 3835259 (C.D. Cal., Aug. 24, 2017) ............................................................ 3

*Tulowitzki v. Atl. Richfield Co.*,
  396 A.2d 956 (Del. 1978) ............................................................................................ 4

*Vandenberg v. Sup. Ct.*,
  21 Cal. 4th 815 (1999) ................................................................................................. 5

*Wells v. Merit Life Ins. Co.*,
  671 F. Supp. 2d 570 (D. Del. 2009) ............................................................................. 4

**Statutes**

Cal. Civ. Code § 1668 .......................................................................................................... 3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## I. INTRODUCTION

Despite two opportunities, Plaintiffs fail to confront, let alone distinguish, the weight of authorities confirming the validity and enforceability of the Agreement to Arbitrate—chief among them this Court's recent decision in the related *Cheng v. PayPal, Inc.* case. They instead rely on authorities that predate—and are preempted by—Supreme Court precedent and ask this Court to make merits determinations far afield from the limited issue before it. In doing so, Plaintiffs concede that they accepted the PayPal User Agreement ("UA") when opening their accounts, they did not opt out of the Agreement to Arbitrate, and the instant dispute is within its scope. *See McLemore v. Marin Hous. Auth.*, 2021 WL 4124210, *10 (N.D. Cal. Sept. 9, 2021) (issues not addressed in opposition are conceded). Because Plaintiffs fail to establish the unenforceability of the Agreement to Arbitrate, PayPal, Inc.'s ("PayPal") Motion should be granted.

## II. DISCUSSION

### A. The Parties Agree that this Court May Decide Arbitrability

This Court is empowered to decide arbitrability and enforceability of the Agreement to Arbitrate. Indeed the UA expressly provides that these issues—along with the interpretation of the Class Waiver—"shall be for a court of competent jurisdiction to decide." (Dkt. 20-6 at 50.)[1]

### B. Plaintiffs Entered Into Arbitration Agreements

Overlooked by Plaintiffs, the Squires Declaration details the process by which each Plaintiff opened their respective account(s) and makes clear that it would have been impossible for any Plaintiff to create a PayPal account without accepting the UA. (Dkt. 20-1 ¶ 8); *see Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989-90 (N.D. Cal. 2017) (finding declaration on customer sign-up process showed user entered agreement). Plaintiffs freely admit to opening PayPal accounts and do not dispute doing so as described in the Squires Declaration, i.e. that they checked boxes and clicked buttons required to manifest assent to the UA. (Dkt. 1 ¶¶ 23-25, 31; Dkt. 25-1 at 1, 4.) That is enough. Plaintiffs also

---

[1] Plaintiffs misquote the purported delegation clause from an irrelevant debit card agreement. (*See* Dkt. 20-2 at 5.) Under the UA, "issues relating to arbitrability, the scope or enforceability of this Agreement to Arbitrate, or the interpretation of the [Class Waiver], shall be for a court of competent jurisdiction to decide." (Dkt. 20-6 at 50.) The UA also provides that the Class Waiver is severable from the Agreement to Arbitrate. (*Id*. at 53.)

ignore this Court's reliance on a comparable declaration to show acceptance of the Agreement to Arbitrate. *Cheng v. PayPal, Inc.*, 2022 WL 126305, at *1, 3 (N.D. Cal. 2022); *see also Friends for Health v. PayPal, Inc.*, 2018 WL 2933608, *3-5 (N.D. Ill. June 12, 2018).

### C.     The UA's Delaware Choice of Law Provision is Enforceable

Plaintiffs concede that the UA is governed by the FAA, which in turn "allows parties to an arbitration contract considerable latitude to choose what law governs some or all of its provisions, including […] enforceability of a class-arbitration waiver." *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 53-54 (2015) (reversing a CA Court of Appeal decision invalidating class action waiver as inconsistent with FAA and Supreme Court precedent). The UA elects the FAA to govern the interpretation and enforcement of the Agreement to Arbitrate and Delaware law to govern the UA and parties' claims; this Court applied the same. (Dkt. 20-6 at 57); *Cheng*, 2022 WL 126305, at *2. Importantly, both the FAA and Delaware law permit class waivers, thus preempting and contradicting Plaintiffs' arguments to the contrary. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *Pick v. Discover Fin. Servs.*, 2011 WL 1180278, *5 (D. Del. Sept. 28, 2011).

Moreover, Delaware law would still apply even under a California choice of law analysis, which first asks whether the chosen state has a substantial relationship to the parties or their transaction, then whether the chosen state's law is contrary to a fundamental policy of California, and if a conflict is found, whether California has a materially greater interest than the chosen state in determining the issue. *ABF Cap. Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005).

That PayPal is incorporated in Delaware establishes a substantial relationship between the contracting parties and that state. (Dkt. 1 ¶ 26); *ABF*, 414 F.3d at 1065 (party's state of incorporation creates substantial relationship with chosen state). And enforcing the choice of law provision is not contrary to a fundamental California policy. California and Delaware both strongly favor arbitration and the enforcement of choice of law provisions. *See, e.g., Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev., LLC*, 55 Cal. 4th 233, 235 n.4 (2012) ("strong public policy in favor of arbitration"); *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 913 (Del. 1989) (same); *ABF*, 414 F.3d at 1065. In light of *Concepcion*, California does not prohibit all class waivers: "Section 2 of the FAA, which under *Concepcion* requires the enforcement of arbitration agreements that ban class procedures, is the law of

- 2 -

REPLY MEMO ISO OF PAYPAL'S
MTN TO COMPEL ARBITRATION
Case No. 5:22-cv-00248-BLF

California and of every other state." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1226 (9th Cir. 2013).[2]

Rather, California's fundamental policy is implicated by class waivers that waive the right to public injunctive relief. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017). But Plaintiffs here seek *private* injunctive relief to stop PayPal from assessing liquidated damages upon its determination of breach of the Acceptable Use Policy ("AUP"). (Dkt. 1 ¶¶ 218, 226, Prayer.) Such relief would benefit a discrete subset of PayPal merchants who breach the AUP and face contractual damages—not the public at large (or even all PayPal users). *See Hodges v. Comcast Cable Commc'ns*, 21 F.4th 535, 548 (9th Cir. 2021); *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 870-71 (9th Cir. 2021) (noting injunction to regulate contract terms is private relief primarily benefiting contracting parties); *Rappley v. Portfolio Recovery Assocs., LLC*, 2017 WL 3835259, at *5 (C.D. Cal., Aug. 24, 2017) (holding class waiver did not contravene CA policy where plaintiff did not seek public injunctive relief). "Because the [Agreement to Arbitrate] is not unconscionable under the *McGill* rule, enforcement of Delaware law would not be contrary to a fundamental policy of California." *Perez v. Discover Bank*, 2021 WL 4339139, at *4 (N.D. Cal. Sept. 23, 2021).[3/4]

Even if there were a conflict (and there is not), California does not have a materially greater interest than Delaware in determining the issues. Half of the named parties—including Plaintiff Akylbekov—are outside of California. (Dkt. 1 ¶¶ 23-26.) Plaintiffs assert claims under federal law, i.e. RICO and EFTA, on behalf of a putative nationwide class. (*Id.* ¶¶ 98, 142, 180.) While California has an interest in protecting its citizens, Plaintiffs seek to assert claims on behalf of PayPal users in *every* state, not just California. *Discover Bank v. Sup. Ct.*, 134 Cal. App. 4th 886, 895 (2005). California has no greater interest in protecting other states' citizens than other states have in protecting California's.

**D.    The Agreement to Arbitrate is Not Unconscionable**

Unconscionability requires the "absence of meaningful choice and contract terms [that]

---

[2] Authorities Plaintiffs rely upon both predate *Concepcion* and acknowledge that state law did not establish a fundamental policy under Cal. Civ. Code § 1668 forbidding class action waivers in all circumstances. *See, e.g., Brazil v. Dell*, 2007 WL 2255296, at *4 (N.D. Cal. Aug. 3, 2007).

[3] Partial reconsideration granted by *Perez v. Discover Bank*, 2022 WL 344973 (N.D. Cal. Feb. 2, 2022) upon new evidence of plaintiff's post-order conduct.

[4] There is no fundamental right to accept payments on PayPal's platform, or to do so by violating reasonable terms of service, as Plaintiffs suggest in conclusory fashion. (Dkt. 25 at 9:19-20.)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

unreasonably favorable to one of the parties." *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978). "[B]oth procedural and substantive unconscionability are required for a court to hold an arbitration agreement unenforceable." *Hoekman v. Tamko Bldg. Prods.*, 2015 WL 9591471, *7 (E.D. Cal. Aug. 24, 2015); *Maxwell v. Cellco P'ship*, 2019 WL 5587313, *7 (D. Del Oct. 30, 2019). This Court has already determined that the Agreement to Arbitrate is not unconscionable, in line with authorities upholding analogous online agreements in both Delaware and California. *Cheng*, 2022 WL 126305 at *3-4; *see, e.g.*, *Doe v. Massage Envy Franchising, LLC*, 2020 WL 7624620, *2 (Del. Super. Ct. Dec. 21, 2020); *In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1165 (N.D. Cal. 2016).

With respect to procedural unconscionability, "that a contract is adhesive does not give rise to a presumption of unenforceability." *Graham*, 565 A.2d at 912. Unequal bargaining power alone is "insufficient to hold an arbitration agreement unconscionable." *Wells v. Merit Life Ins. Co.*, 671 F. Supp. 2d 570, 574 (D. Del. 2009). Plaintiffs do not dispute being on notice that they were modifying their legal rights by checking a box and clicking a button manifesting assent. (Dkt. 20-1 ¶¶ 5-8, 13); *see Cheng*, 2022 WL 126305 at *3-4. Nor do they credibly claim that they lacked a meaningful choice, as they were not required to use PayPal's non-essential services. *See James v. Comcast Corp.*, 2016 WL 4269898, *4 (N.D. Cal. Aug. 15, 2016) (holding agreement was not unconscionable where plaintiffs were free to walk away). Critically, Plaintiffs could have opted out of the Agreement to Arbitrate—but did not. (Dkt. 20-1 ¶ 15.) As articulated by this Court, the "very existence of the [UA's] opt-out option forecloses the necessary finding under procedural unconscionability that [Plaintiffs] 'lacked a meaningful choice' about agreeing to the arbitration provision." *Cheng*, 2022 WL 126305 at *4.

Substantive unconscionability is similarly absent, as the arbitration procedures provide an inherently fair method of dispute resolution. *See Graham*, 565 A.3d at 912-13. The bilateral provision requires both parties to arbitrate under the AAA's Consumer Rules, with small claims court available for qualifying disputes. Arbitration is to occur in the user's county of residence or at a mutually agreeable location; parties may choose arbitration by phone or written submissions if the value of relief sought is $10,000 or less. (Dkt. 20-6 at 51-52.) PayPal will pay arbitration costs for claims below $10,000 and, as Plaintiffs concede, for larger claims based on a showing of need. (*Id.*) This Court has

recognized that "PayPal's offer to advance certain fees helps, not harms, claimants" and "does not amount to a use of superior bargaining power 'to take unfair advantage of another' party." *Cheng*, 2022 WL126305, at *4 (internal citation omitted). Plaintiffs offer no evidence to support their conclusory statements that arbitration fees could be "several hundred times the cost of a litigation" or would be unreasonably burdensome, as they must show. (Dkt. 25 at 8:13-14); *see Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000).[5]

Also, the UA reflects California law on estoppel: unless the parties otherwise agree, an "arbitration award cannot have nonmutual collateral estoppel effect[.]" *Vandenberg v. Sup. Ct.*, 21 Cal. 4th 815, 836-37 (1999). That an arbitrator would not be bound by prior arbitrations involving other PayPal users does not render the UA unconscionable. (Dkt. 25 at 11; Dkt. 20-6 at 52.)

### E.     This Court Need Not Decide Plaintiffs' Merits Challenges

Plaintiffs' challenges concerning the UA's liquidated damages provision go to the merits of the underlying dispute and are for an arbitrator to decide. (Dkt. 25 at 10-14; Dkt. 20-6 at 49.) In examining an agreement to arbitrate under the FAA, a court may "consider only issues relating to the making and performance of the agreement to arbitrate," not the underlying claims or overall enforceability of the contract. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). A valid arbitration agreement is enforced independently of any challenge to the remainder of the contract. *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 448-49 (2006).

Accordingly, PayPal requests that this Court order individual arbitration of Plaintiffs' claims in accordance with the parties' agreement.

Dated: May 10, 2022

Respectfully submitted,

DENTONS US LLP

By: _____
Judith Shophet Sidkoff
Attorneys for Defendant PAYPAL, INC.

---

[5] A consumer's filing fee is under AAA Consumer Rules is $200; a graduated fee schedule applies in AAA Commercial Arbitration. (AAA Consumer Rule R-1(e); AAA Comm'l Arb. Std. Fee Sched., https://go.adr.org/feeschedule (last accessed May 10, 2022)).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

- 5 -

REPLY MEMO ISO OF PAYPAL'S
MTN TO COMPEL ARBITRATION
Case No. 5:22-cv-00248-BLF

121356220\V-4